UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMALDEEP SINGH,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, WARDEN OF THE CALIFORNIA CITY CORRECTIONAL FACILITY, *et al.*,<br><br>Respondents. | Case No.   1:26-cv-04030 (EJD)<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. Nos. 1, 2 |

This habeas action concerns the detention of Petitioner Kamaldeep Singh, a noncitizen who has lived in the United States Since March 24, 2024. Dkt. 1 ¶ 23. Upon entering the United States, Petitioner was briefly detained by the Department of Homeland Security ("DHS"), and then released on an "Order of Release on Recognizance." *Id*. ¶ 35. Petitioner was re-detained by U.S. Immigration and Customs Enforcement ("ICE") on May 4, 2026 following an arrest for assault. *See* Dkt. 6-2. This matter is before the Court on Petitioner's writ of habeas corpus and motion for temporary restraining order. *See* Dkt. 1, 2. For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus in part, and resolves the motion for temporary restraining order as moot.

## I.      BACKGROUND

Petitioner is a citizen of India who entered the United States sometime around March 24, 2024. Dkt. 1 ¶ 23. Upon entry, he was encountered by U.S. Customs and Border Patrol "in the San Diego Border Patrol Sector's area of responsibility" and was "arrested and transported to a nearby Border Patrol facility for processing[.]" Dkt. 6-2 at 2–3. DHS then elected to release Petitioner "by 'Order of Recognizance' (O.R.) pending his immigration hearing." *Id*. Since his release, Petitioner has applied for asylum, and claims to have complied with all conditions of his release, though Respondents dispute this characterization. Dkt. 1 ¶ 29.

The facts concerning Petitioner's re-detention are muddled by the contradictions in the Petition, and subsequent reply submitted by Petitioner. Dkt. 1, 7. In his Petition, Petitioner claimed that on May 3, 2026 while "working at a local retail store [] ICE officers arrived at the location searching for another individual." Dkt. 1 ¶ 37. He purportedly cooperated "fully with [the] officers and informed them that he did not know the individual [the] officers were searching for[,]" yet was detained anyways. *Id.* ¶¶ 37–40. However, records submitted by Respondents indicate that Petitioner was arrested by ICE on May 4, 2026 from the Grand County Jail following Petitioner's arrest "for the offense of Assault[.]" Dkt. 6-2 at 2. In reply, Petitioner clarified that he was arrested by law enforcement—not ICE—on May 3, 2026 following an altercation between him and his co-worker in which both individuals sustained injuries. Dkt. 7-2 ¶¶ 3–15.

Petitioner is now being held at the California City Correctional Facility. Dkt. 1 ¶ 18. On May 26, 2026 Petitioner filed a petition for writ of habeas corpus and motion for a temporary restraining order, arguing that his re-detention without a finding of flight risk or danger violates his substantive due process rights (count 1), his procedural due process rights (count 2), the Immigration and Nationality Act ("INA") (count 3), the Administrative Procedure Act ("APA") (count 4), and his Fourth Amendment rights (count 5). Dkt. 1 ¶¶ 86–131. He requests that the Court grant his immediate release. Dkt. 7 at 9.

## II.   LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v.*

*Davis*, 533 U.S. 678, 687 (2001).

**III.    DISCUSSION**

Petitioner asserts five claims for relief, including that his detention violates the INA (count 3), the due process clause of the Fifth Amendment (counts 1, 2), the APA (count 4), and the Fourth Amendment (count 4). Because Petitioner's procedural due process claim affords Petitioner all the relief to which he is entitled—namely a bond hearing before an Immigration Judge ("IJ")—the Court need not and does not reach Petitioner's other remaining claims for relief.

**A.    8 U.S.C. § 1225(b)(2) Does Not Apply to Petitioner.**

Before turning to Petitioner's due process claim, the Court addresses whether Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b)(2) as Respondents contend. *See* Dkt. 6 at 2. This Court—as well as the majority throughout  the United States—have already concluded that applying Section 1225 to non-citizens like Petitioner who are re-detained within the interior of the United States "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. Sept. 23, 2025) (collecting cases); *see also Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *4–11 (6th Cir. May 11, 2026); *Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *4–9 (2d Cir. Apr. 28, 2026); *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2026 WL 1223250, at *21 (7th Cir. May 5, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *21 (11th Cir. May 6, 2026); *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1304 (W.D. Wash. Sept. 30, 2025); *Menjivar Sanchez v. Wofford,* No. 1:25-CV-01187-SKO (HC), 2025 WL 2959274, at *3–7 (E.D.Cal. Oct. 17, 2025) (collecting cases); *Shoimov v. Chestnut*, No. 1:25-CV-1603 CSK, 2026 WL 35624, at *4 (E.D. Cal. Jan. 6, 2026); *Singh v. Bondi et al.*, No. 1:26-CV-0396 DC CSK P, 2026 WL 469169, at *3 (E.D. Cal. Feb. 19, 2026); *Sharan S. v. Chestnut*, No. 1:25-cv-01427-KESSKO (HC), 2025 WL 3167826, at *5 (E.D.Cal. Nov. 12, 2025); *Ramirez Clavijo v. Kaiser*, No. 25-CV-06248-BLF, 2025 WL 2419263, at *3 (N.D. Cal. Aug. 21, 2025).  As such, Section 1225(b)(2) is not a lawful basis for detention.

United States District Court
Eastern District of California

**B.     Petitioner's Re-Detention Violated Due Process.**

As the Government makes no further argument regarding the basis for Petitioner's detention, the Court next turns to Petitioner's due process claim. Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

**1.     Liberty Interest**

Petitioner contends that his prior release from immigration custody by the affirmative act of the Government pursuant to 8 U.S.C. § 1226, and then the two years of freedom that followed, gave rise to a protected liberty interest.  Dkt. 1 ¶ 100. The Court agrees.

The regulations that authorize immigration authorities to release a noncitizen on his own recognizance require that the noncitizen "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons" and that the noncitizen is "likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8). "Release [therefore] reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018). "Thus, DHS may generally not re-arrest a previously released noncitizen absent a change in circumstances." *Singh*, 2026 WL 468159, at * 2 (internal quotation omitted).

The record before the Court indicates that immigration authorities determined that Petitioner was neither a flight risk nor dangerous when they chose to release him into the United States over two years ago. *See* Dkt. 6-2 at 3. In fact, at the time of his initial detention, the border patrol officer determined that "[t]he subject does not appear to be a threat to national security, border security, or public safety." *Id*.

As such, the Government's election to release Petitioner "provided [him] with a liberty interest that is protected by the Due Process Clause." *Oliveros v. Kaiser*, No. 25-CV-07117-BLF,

2026 WL 1162724, at *4 (N.D. Cal. Apr. 29, 2026); *see also Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [the noncitizen] have a liberty interest in remaining out of custody on bond."); *Pinchi v. Noem*, 792 F.Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."); *He v. Lyons*, No. 25-cv-10639-JSC, 2026 WL 280074, at *3 (N.D. Cal. Feb. 3, 2026) ("Courts throughout the Ninth Circuit have concluded individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond."); *Guillermo M. R. v. Kaiser*, No. 25-CV-05436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); *Ortega v. Kaiser*, No. 25-cv-05259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding that noncitizens who have been released have a strong liberty interest). Because Petitioner was released from DHS custody on his own recognizance two years ago, he maintains a protected liberty interest in remaining out of custody.

### 2.    Due Process

Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil removal proceedings for two years. In the intervening years he has developed ties in his

community as he has lived at liberty. "[His] detention denies [him] that freedom." *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-cv-00107-KES-SKO, 2025 WL 1424382, at \*5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas*, 533 U.S. at 690; *Padilla v. U.S. Immigr. & Customs Env't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023); *Sharan S.*, 2025 WL 3167826, at \*8 ("Under section 1226(a), petitioner would be entitled to a bond hearing, and any custody redetermination would have to be based on whether petitioner is 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk.'") (quoting *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). The record before the Court indicates that there was no independent finding of changed circumstances by a neutral arbiter before Petitioner was re-detained. As there have been no procedural safeguards to determine if Petitioner's re-detention is justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at \*5.

The final *Mathews* factor also weighs in Petitioner's favor. Although the Government has a strong interest in enforcing the immigration laws, its' interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court, custody hearings are routine and impose a "minimal" cost. *Id*. at 1094.

## IV.   REMEDY

Respondents argue that Petitioner's recent encounter with law enforcement terminated his previous period of release. Dkt. 6 at 3–4. Though it is unclear from the record before the Court whether Petitioner's arrest has resulted in a charge or conviction, the Court finds that considering Petitioner's arrest, and his failure to accurately disclose that arrest in the Petition and accompanying motion for a temporary restraining order, the appropriate remedy here is a bond hearing where the government bears the burden of proving that Petitioner now poses a danger to

United States District Court
Eastern District of California

the community or flight risk. *See, e.g.*, *Rodriguez v. Warden of California City Det. Facility*, No. 1:26-CV-03001-JLT-SAB, 2026 WL 1179933, at \*2 (E.D. Cal. Apr. 30, 2026) (ordering bond hearing where Petitioner was previously released on own recognizance, but subsequently charged with assault); *Rojas v. Chestnut*, No. 1:26-CV-03154-JLT-CDB, 2026 WL 1329741, at \*4 (E.D. Cal. May 13, 2026) (collecting cases ordering bond hear where due process violation was identified); *Kumar v. Warden of Golden State Annex Det. Facility*, No. 1:26-CV-00035-KES-CDB (HC), 2026 WL 279891, at \*10 (E.D. Cal. Feb. 3, 2026), *report and recommendation adopted*, No. 1:26-CV-00035-KES-CDB (HC), 2026 WL 472658 (E.D. Cal. Feb. 19, 2026).

## V.    CONCLUSION AND ORDER

For the reasons stated above, the Petition is GRANTED IN PART.  IT IS HEREBY ORDERED that:

1.    Within 14 days of the date of service of this order, unless Petitioner consents to a later date, Respondent SHALL provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

2.    Prior to the bond hearing, the Petitioner SHALL receive meaningful notice of the scheduled hearing and SHALL be entitled to appear at the hearing.

3.    The Clerk of Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: June 8, 2026

Edward J. Davila
United States Senior District Judge

United States District Court
Eastern District of California